**Commonwealth v. Nossen**

*Gailey C. Keller,* District Attorney, for Commonwealth.

*William S. Beckley* and *Robert Gillespie,* for defendant.

MYERS, P. J., May 8, 1972.—The prosecutor in the above-captioned criminal matters, Deake G. Porter, acting without counsel, recently filed a petition in this court, which petition contained numerous miscellaneous allegations, together with certain motions based thereupon. The petition is essentially defective in that it combines seven actions against five defendants into one caption, repeatedly rambles, persistently sets forth irrelevant matters, and contains no request for an answer or a return date.

However, the court will overlook the inherent technical defects in the petition and dispose of the same.

As the court understands the petition, it presents three motions to the court for disposition. They are as follows:

(1) The motion asking the court to allow petitioner to hire private counsel to prosecute the case of Commonwealth v. Robert J. Nossen, entered to October sessions, 1971, no. 141, on the charge of perjury.

(2) A motion to resubmit to the grand jury the

cases of Commonwealth v. Robert J. Nossen, entered to October sessions, 1971, no. 138, on the charge of embezzlement; and the case of Commonwealth v. William G. Williams, entered to October sessions, 1971, no. 144, on the charge of embezzlement.

(3) A motion asking the court to allow petitioner to hire private counsel to present the aforesaid embezzlement cases to the grand jury upon resubmission.

Taking up the motions in the order listed above:

(1) As to the first motion, the court hereby grants petitioner's motion to hire private counsel to prosecute the case of Commonwealth v. Robert J. Nossen, entered to October sessions, 1971, no. 141, on the charge of perjury.

With the consent of the district attorney, this court has, in the past, permitted private counsel prosecutors to try criminal actions on numerous occasions, one as recently as the February 1972, term of court. Since the district attorney has offered no objections to the case of Commonwealth v. Robert J. Nossen, entered to October sessions, 1971, no. 141, on the charge of perjury, being tried by a private prosecuting attorney, petitioner's motion is granted. Petitioner, Mr. Porter, is herewith notified to be present in the courtroom of the Columbia County Courthouse, Bloomsburg, Pa., on Thursday morning, June 1, 1972, at 9:30 a.m., together with his witnesses and private counsel, to commence trial of the aforesaid perjury action entered to October sessions, 1971, no. 141.

(2) As to the second motion, the court denies petitioner's motion to resubmit to the grand jury the cases of Commonwealth v. Robert Nossen, entered to October sessions, 1971, no. 138, on the charge of embezzlement, and Commonwealth v. Williams, entered to October sessions, 1971, no. 144, on the charge of embezzlement. The indictments on the aforesaid

embezzlement cases were recently disapproved by the grand jury.

In his petition, Mr. Porter is highly critical of the manner in which the district attorney presented the aforesaid cases to the grand jury. In fact, the petition appears to reflect a personal vendetta against the district attorney, Mr. Keller, by petitioner.

Be that as it may, the general rule is that in the absence of clear proof to the contrary the presumption is in favor of the legality and regularity of the proceedings before the grand jury: Commonwealth v. Brownmiller, 141 Pa. Superior Ct. 107. See also Commonwealth v. Gross, 172 Pa. Superior Ct. 85. It is the duty of the district attorney to attend upon the grand jury, to present to them all matters upon which they are to pass, to aid them in the examination of witnesses and to give general instructions as may be required: Commonwealth v. Brownmiller, supra.

Petitioner contends that the district attorney regulated the number of witnesses and ruled out certain evidence that petitioner wished to present to the grand jury. These contentions are without merit, because, obviously, in view of the above case law it is the district attorney's duty to keep the proceedings before the grand jury running smoothly and efficiently and restricted to relevant matters. Clearly, petitioner Mr. Porter lacks the qualifications and training to determine or interpret questions of law or the admissibility of evidence.

Petitioner also accuses the district attorney of influencing the grand jury in the above-captioned cases. It should be noted that, in view of petitioner's intense interest in the outcome of these cases, and in view of his public denunciation of the district attorney, petitioner may be prone to misconstrue whatever was said in the grand jury proceedings.

Petitioner has attempted to substantiate his allegations by attaching to his petition an affidavit of Dr. Joseph T. Skehan, which affidavit rambles and contains considerable irrelevant matter, much as does the petition itself. Under all of the circumstances, Dr. Skehan's affidavit appears to be something less than the statement of an impartial affiant. It should be noted that no other affidavits of a supporting nature were attached to the petition of Mr. Porter.

There is no allegation by petitioner that the grand jury did not vote in secret on all of the above-captioned cases. Certainly, the grand jury must have acted independently and without fear, favor or bias, because in the essentially companion cases in which petitioner, Mr. Porter, was the prosecutor, the grand jury disapproved six indictments and approved one indictment.

Therefore, petitioner's allegations of irregularity in the grand jury proceedings in the above-captioned cases fall far short of sustaining the burden of proof necessary in such cases. The motion to resubmit to the grand jury the cases in question is denied.

(3) As to the third motion, it follows, therefore, that petitioner's motion to hire a private prosecuting attorney to resubmit the cases to the grand jury in the matters of Commonwealth v. Robert Nossen, entered to October sessions, 1971, no. 138, and Commonwealth v. William G. Williams, entered to October sessions, 1971, no. 144, both on the charge of embezzlement, is refused for the reasons stated above.

In the case of Commonwealth of Pennsylvania v. Robert Nossen, entered to October sessions, 1971, no. 141, on the charge of perjury, the District Attorney of Columbia County has filed with the court a petition to nol pros., which petition, if approved by the court,

is tantamount to a dismissal of the charge against defendant.

In support of his petition, the district attorney has assigned the following reasons:

(1) That the testimony and the evidence of the prosecutor and his witnesses fail to prove the charge against defendant beyond a reasonable doubt.

(2) That the instrument signed by defendant upon which the prosecutor, Deake G. Porter, has based his charge was prepared and filed in the usual manner by the attorney for defendant and in accordance with the usual practices of law.

(3) That, in the opinion of the district attorney, the Commonwealth will be unable to prove at trial the guilt of the above defendant.

The court respects the right of the district attorney to file a petition for nol pros. based upon the aforesaid reasons or similar reasons. Such is common practice under our system of criminal justice. And it is our opinion that in Mr. Keller, Columbia County has a most capable, sincere and efficient district attorney.

Without the benefit of extensive research, it is this court's recollection and belief that, in most cases, the petition for nol pros. is presented before the grand jury takes action. Or in matters following grand jury action, the petition for nol pros. contains significant reasons which were not present prior to grand jury action.

For the court to approve a petition for nol pros. following approval of indictment by the grand jury in a case where the petition contained no new averments which were not present before grand jury action would be for the court to usurp the function and power of the grand jury.

The grand jury is an ancient and honorable body which historically originated over seven centuries ago

prior to the Magna Charta. Since that time, the grand jury has been utilized under the English common law, and for the past 200 years it has performed an important function in our system of criminal justice. The grand jury has been called both the shield and sword of justice.

While it is true that some legal scholars and others presently favor abolition of the grand jury system, it is this court's opinion that the grand jury serves a useful and vital purpose in our system of jurisprudence. While the system is admittedly not perfect, it is still by far the best yet devised by man.

In the above-captioned case, as well as in all other cases presented to this particular grand jury, 17 citizens of this county performed an important public duty and civic service. They rendered their decisions in the cases as they believed the evidence warranted. This court will not disturb their findings. Therefore, without further comment, we make the following:

## ORDER OF COURT

And now, to wit, May 8, 1972, the petition for nol pros. in the above-captioned case is dismissed. Due to the fact that the prosecutor has requested private counsel to conduct the trial of this case, and the district attorney has offered no objection thereto, the district attorney is hereby relieved of further responsibility in this matter. This order shall serve as notice to all parties in interest, their respective witnesses and counsel, that trial of the above case shall commence Thursday morning, June 1, 1972, at 9:30 a.m., in the courtroom of the Columbia County Courthouse, Bloomsburg, Pa.